MINING LANDS RECLAMATION ACT — SAND The removal of sand from a river bed is subject to the provisions of The Mining Lands Reclamation Act, Enrolled House Bill No. 1492. Each operation must be examined in light of the entire Act to determine what reclamation is required, if any. The Attorney General has considered your request for an opinion in your letter of September 13, 1971, wherein you ask the following question "Does the operation for the removal of sand from a river bed, where new sand is re-deposited by the flowing waters of the river, come under the provisions of the Mining Lands Reclamation Act, Enrolled House Bill No. 1492?" Section 3(c) of the Act states: "(c) 'Mining' means the extraction of minerals from natural deposits by any method or process." Section 3(d) of the Act states: "(d) 'Minerals' means asphalt, clay, coal, copper, granite, gravel, gypsum, lead, marble, salt, sand, shale, stone, tripoli, volcanic ash and zinc, or any other substance commonly recognized as a mineral, and includes ores or rock containing any such substances, but excludes oil, gas and any other mineral found naturally in a liquid or gaseous state." (Emphasis added) Section 3(f) states in part: "3(f) 'Surface mining' means those mining operations carried out on the surface, including strip mining, auger mining, quarrying, dredging, pumping, or the use of hydraulic methods." This same section goes on to say that surface mining does not include the removal of materials by an owner for the primary purpose of construction or maintenance of access roads to or on such land own- er's property. Section 3 (k) states: "3(k) 'Operator' means any person, firm or corporation engaged in and controlling a mining operation." Section 4(a) states in part: "4(a) It shall be unlawful for any operator to engage in any mining operations in this state without first obtaining from the Department a permit to do so for each separate mining operation in such form as is hereinafter provided. . . ." Section 4(b) states in part: "4(b) Any operator desiring to engage in surface mining shall make written application to the Department for a permit. . . ." Thus, the removal of sand from a river bed is subject to the provisions of this Act. Section 5(a) states: "5(a) All affected land shall be reclaimed as provided in this act. Section 5(c) states in part: "5(c) All ridges and peaks of overburden created by surface mining shall be graded . . . Surface mining operations conducted in the flood plains of streams and rivers and subject to periodic flooding shall be exempt from the grading requirements of this section." Section 5(g) states in part: "5(g) All affected land except that which is to be covered with water . . . shall be revegetated by the planting of seeds, plants, trees, shrubs or other plantings appropriate to the use to be made of the land as determined by the operator. . . ." Thus, if the particular area is one which is in a flood plain and subject to periodic flooding, it is exempt from the grading provisions of the Act. In addition, if the land is covered with water, it is exempt from the revegetation provisions of the Act. It is therefore the opinion of the Attorney General that your question be answered as follows: The removal of sand from a river bed comes under the provisions of the Mining Lands Reclamation Act, Enrolled House Bill No. 1492. However, each fact situation must be examined in light of the entire Act to determine what reclamation is required, if any. (Todd Markum)